UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALEXANDER JAMES, | No. 2:23-cv-1174 DAD DB PS |
| Plaintiff, | |
| v. | ORDER |
| METZGER MANAGEMENT COMPANY, | |
| Defendant, | |

Plaintiff Anthony Alexander James is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) For the reasons stated below, defendant's motion to dismiss is granted and plaintiff is granted leave to file an amended complaint.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on June 21, 2023, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) The complaint alleges that on July 9, 2018, plaintiff moved into an apartment owned by defendant Metzger Management Company.

////

////

(Compl. (ECF No. 1) at 2.[1]) "Over the years" plaintiff delt with issues such as pests, "wear and tear," mold, and broken appliances. (Id.) On December 31, 2022, "the power went out because of the weather[.]" (Id. at 3.) "[A]round 12:30:00" a neighbor called plaintiff and informed plaintiff the "apartment was on fire." (Id.) The fire resulted in damage to the kitchen, living room, bathroom, bedroom, and "a big hole in the roof that the fire department had cut out[.]" (Id.)

The "fire department used psychological mind games convincing the Plaintiff that the electric stove was left on, and when the PG&E came back on . . . . this was the cause of the fire[.]" (Id.) The defendant told plaintiff "to vacate the premises, and the company will be in touch with him." (Id. at 4.) Plaintiff later "spoke to Micheala the Property manager," who told plaintiff "she didn't have a unit available and that she will be reaching out to her other properties to see if there were any units available." (Id.) After "weeks passed," plaintiff again spoke with Micheala and was told to "turn the keys over and to reach out to Defendant's insurance company." (Id.)

Plaintiff spoke to defendant's "insurance company Travelers Insurance" and the insurance company told plaintiff, "he was the cause of the fire because he left the stove on, and the materials on the stove caught fire when the PG&E came back on." (Id.) Plaintiff, however, "retrieved the fire department report to see what the fire experts determined," and "it indicated undetermined." (Id. at 5.) Plaintff also "reach[ed] out to PG&E" and "[a]ccording to the PG&E report . . . the cause of the fire was materials left on the stove when the PG&E came back on." (Id.)

Plaintiff later spoke with "the property owner name Mike to explain that the Plaintiff had nothing to do with the fire[.]" (Id.) However, defendant "sent out a notice" to plaintiff claiming plaintiff "owed the Defendant $1,180.86 in back pay for rent." (Id.) According to the complaint the defendant "and others use psychological mind games . . . to pursue housing discrimination against an African American tenant." (Id. at 6.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Pursuant to these allegations the complaint asserts a cause of action for violation of the Fair Housing Act, as well as state law causes of action. (Id. at 8-10.) On July 12, 2023, defendant filed a motion to dismiss. (ECF No. 5.) Plaintiff filed an opposition to the motion to dismiss on July 24, 2023. (ECF No. 8.) Defendant filed a reply on August 3, 2023. (ECF No. 9.) The motion to dismiss was taken under submission on September 5, 2023. (ECF No. 10.)

## STANDARDS

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

1  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

2  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

3  not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

4  459 U.S. 519, 526 (1983).

## ANALYSIS

Review of the complaint finds that defendant's motion to dismiss must be granted. In this regard the only cause of action found in the complaint that raises federal question jurisdiction is the claim pursuant to the Fair Housing Act, 42 U.S.C. § 3601, ("FHA"), *et. seq.* (Compl. (ECF No. 1) at 8.) The FHA prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), or "because of a handicap," 42 U.S.C. § 3604(f)(2). "To state a claim under § 3604, a plaintiff must show that he or she was subjected to different 'terms, conditions, or privileges because of a protected status.'" Cabrera v. Alvarez, 977 F.Supp.2d 969, 975 (N.D. Cal. 2013) (citing 42 U.S.C. § 3604(b)).

Here, the complaint alleges that defendant violated the FHA because plaintiff "is African-American" and the defendant is not. (Compl. (ECF No. 1) at 8.) However, there are no allegations in the complaint that plaintiff was subjected to different terms, conditions, or privileges because of plaintiff's race or any other protected status.

Moreover, the remainder of the claims found in the complaint are vague and conclusory. For example, the complaint alleges that the defendant is responsible for "Landlord negligence" because the "Defendant could have set a fire or . . . stage a fire[.]" (Id. at 8-9.) That the defendant staged "a fire disguising cause on fire reports." (Id. at 9.) That the defendant's "false reports about the cause of the fire" damaged plaintiff's reputation. (Id. at 10.) And that plaintiff suffered "emotional distress" as a result of defendant's "lie." (Id.)

From the allegations found in the complaint, however, it seems that the "fire reports" were issued by the "fire department" and "PG&E," not the defendant. (Id. at 5.) In this regard, the complaint is lacking factual allegations related to the conduct of the defendant.

4

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Here, because the complaint fails to allege facts that state the element of a claim plainly and succinctly defendant's motion to dismiss will be granted.

**II.    Leave to Amend**

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

////

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's July 12, 2023 motion to dismiss (ECF No. 5) is granted;

2. The complaint filed June 21, 2023 (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

4. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: January 5, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/james1174.dism.lta.ord

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.