UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALEXANDER JAMES,<br><br>Plaintiff,<br><br>v.<br><br>MATZGER MANAGEMENT COMPANY,<br><br>Defendant. | No. 2:23-cv-1174-DAD-SCR<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Anthony Alexander James is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is Defendant Matzger Management Company's motion to dismiss the First Amended Complaint ("FAC") (ECF No. 14). For the reasons stated below, the court recommends the motion to dismiss be granted with leave to amend for all causes of action except defamation, for which the court recommends the motion be granted without leave to amend.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action on June 21, 2023, by filing a complaint and paying the applicable filing fee. ECF No. 1. The FAC, filed April 29, 2024, consists of lengthy, unnumbered paragraphs of loose narration punctuated with citations to various academic sources.

1

1   It alleges that Defendant blamed Plaintiff for an apartment fire after Plaintiff had filed multiple
2   complaints about his unit.  ECF No. 14 at 2-3.  The fire department reported that the fire's cause
3   was "undetermined[,]" but Plaintiff rejects Defendant's explanation that the fire had started from
4   the stovetop when the electricity had come back on.  *Id*. at 3.
5       The FAC further alleges that Defendant failed to adhere to inspection protocols following
6   the fire.  *Id.* at 4.  It argues that this violates Defendant's duty of care under California Civil Code
7   § 1714(a).  *Id.*
8       The FAC separately argues that Defendant falsely told Plaintiff there were no other units
9   available when there were.  *Id.* at 5.  The FAC alleges discriminatory behavior against Plaintiff
10  based both on this falsehood and on Defendant asserting Plaintiff had started the fire.  *Id.*
11  Defendant also failed to produce a written statement regarding the situation, frustrating efforts to
12  determine whether its claims were speculative or grounded in evidence.  *Id.*
13      The FAC then alleges that Defendant slandered Plaintiff, falsely accusing him of both
14  starting the fire and owing $1,180.86.  *Id.* at 6.  The allegations that Plaintiff started the fire, the
15  FAC argues, both constitute fraud against the insurance company and menace Plaintiff insofar as
16  this could lead him to lose his home.  *Id.* at 7.
17      Although the FAC does not specifically identify the causes of action raised, Defendant has
18  construed its allegations into causes of action for (1) negligence, (2) discrimination under the Fair
19  Housing Act ("FHA"), (3) defamation, and (4) "harassment, menacing, and fraud."  *See* ECF No.
20  15-1 at 8-11.  Plaintiff does not dispute this.  *See generally* ECF No. 17.  The FAC seeks
21  $3,000,000 in "awarded pre-judgment" plus unspecified "actual, compensatory, and liquidated
22  damages" and "emotional distress and or declaratory relief[.]"  ECF No. 14 at 8.

**LEGAL STANDARD**

24      A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to
25  state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive, the
26  plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to
27  relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*
28  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *Id.* at 679, and to "draw all reasonable inferences in favor of the nonmoving party." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (internal quotation marks omitted). Stating a claim "requires more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. A complaint that tenders "naked assertion[s]" is insufficient if "devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617-18 (9th Cir. 2022). "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Boquist*, 32 F.4th at 773–74 (internal citation and quotation marks omitted) (cleaned up).

The court may dismiss for failure to state a claim when the allegations of the complaint and judicially noticeable materials establish an affirmative defense or other bar to recovery, such as the expiration of the statute of limitations. See *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of the [c]omplaint"). However, dismissal under Rule 12(b)(6) is improper if the allegations of the complaint and judicially noticeable materials concerning the defense raise disputed issues of fact. *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of

1  other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *In re Doe*, 58 F.3d

2  494, 497 (9th Cir. 1995)).  A pro se litigant is entitled to notice of the deficiencies in the

3  complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by

4  amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## ANALYSIS

### I.   Reference to the Original Complaint

The FAC alleges that Plaintiff's "complaint detailed the events and the subsequent cover-up" underlying Plaintiff's claims.  ECF No. 14 at 2.  Plaintiff cannot incorporate the Complaint's allegations into the FAC by reference.  As Defendant properly argues, an "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"  *Id.* (citing *Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012).[1]  Local Rule 220 expressly requires that any amended complaint be "complete in itself without reference to the prior or superseded pleading."  A court with a similar rule, in *Diamond v. County of Riverside Sheriff's Dept.*, rejected a Second Amended Complaint which purported to "incorporate[] all of the allegations, exhibits, and Schedules…of the First–Amended–Complaint that have been submitted in this case."  Case No. 14-cv-01922–VBF, 2015 WL 3948833 at *2-3 (C.D. Cal. 2015).  Any incorporation of the original Complaint in this action is void.  The FAC will be evaluated solely based on the allegations therein.

### II.   Negligence

"In order to prove facts sufficient to support a finding of negligence, a plaintiff must show that the defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury."  *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013) (alterations omitted).

Such a duty of care governs any "injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person[.]"  Cal. Civil Code § 1714(a).  The owner of this duty is "'the person in possession of the land … because [of the possessor's] supervisory control over the activities conducted upon, and the condition of, the

---

[1] Defendant mistitles the case as *Lacey v. Phoenix New Times, LLC*.  ECF No. 15-1 at 8.

4

land.'" *Moses v. Roger-McKeever*, 91 Cal. App. 5th 172, 179 (Cal. Ct. App. 2023) (quoting (*Alcaraz v. Vece,* 14 Cal.4th 1149, 1157–1158 (Cal. 1997)). This possessor has a duty to "'inspect [the premises] or take other proper means to ascertain their condition'" and to either remedy or give adequate warning of any "'dangerous condition…that would have been discovered by the exercise of reasonable care[.]'" *Moses*, 91 Cal. App. 5th at 179 (quoting *Staats v. Vintner's Golf Club, LLC*, 25 Cal.App.5th 826, 833 (Cal. Ct. App. 2018)).

Defendant concedes that a duty of care exists but argues that Plaintiff has failed to articulate how Defendant breached this duty. ECF No. 15-1 at 8-9. Defendant argues that while Plaintiff alleges that Defendant failed to inspect an electrical system, he fails to identify which ones. *Id.* at 9. Defendant further argues that Plaintiff does not connect this to any damages caused by the fire. *Id.*

Plaintiff responds that Defendant's failure to provide its own theory of causation "raises questions" and damages Defendant's credibility. ECF No. 17 at 2. Plaintiff further argues that proper maintenance practices are a part of Defendant's duty of care as a landlord, and that Defendant breached it by "[n]eglecting essential safety checks such as PG&E inspections[.]" *Id.* at 3. Plaintiff then notes that Defendant, if negligent, is "liable for compensating damages arising from both physical injuries sustained during accidents and subsequent mental anguish[.]" *Id.* Defendant replies that Plaintiff conflates damages with negligence without explaining how the alleged inspections resulted in the alleged harm. ECF No. 19 at 3.

The FAC alleges that a fire in the apartment building caused physical damage. ECF No. 14 at 2. It then asserts that Defendant blamed Plaintiff when the cause was undetermined. *Id.* at 3. Defendant has theorized that the fire was ignited when electricity came back on in the apartment, an explanation Plaintiff found "scientifically flawed and conveniently self-serving." *Id.* The FAC concludes that circumstantial evidence and this "speculative narrative" have "unjustly shifted" the focus of the investigation to Plaintiff. *Id.* When combined with other hazardous conditions in the apartment that Defendant had failed to remedy, Plaintiff alleges "a pattern of neglect[.]" *Id.* Separately, the FAC asserts that Defendant's failure to accurately investigate and report the cause of the fire "as required by Pacific Gas and Electric (PG&E)

5

1  standards" is its own act of negligence. *Id.* at 4.  This has purportedly resulted in both out-of-
2  pocket expenses and mental anguish for Plaintiff.  *Id.*

3        The duty of care owed to a tenant only governs a landlord's "management of his or her
4  property[.]" Cal. Civ. Code § 1714(a).  While this includes remedying dangerous conditions
5  before they lead to injury, no authority suggests that this duty of care extends to properly
6  identifying and reporting the causes of an injury after one occurs. *See Moses*, 91 Cal. App. 5th at
7  179.  Whether Defendant's inspections after the fire were adequate is therefore irrelevant.  While
8  Plaintiff now argues that safety checks from before the fire were also neglected (ECF No. 17 at
9  3), this argument is absent from the FAC.

10        Plaintiff has failed in his FAC to connect any alleged breach in its duty as a landlord to
11  any damages Plaintiff suffered.  The motion to dismiss the claim for negligence should be
12  granted.  However, by discussing safety checks from before the fire occurred in his opposition to
13  the motion to dismiss, Plaintiff has introduced a possible theory under which Defendant's failure
14  to fulfill its duty of care contributed to the apartment fire.  Granting leave to amend the FAC to
15  include this allegation could remedy the defect in the claim for negligence.  Leave to amend
16  therefore should be granted.  *See Lopez*, 203 F.3d at 1130.

17  **III.  Discrimination under the FHA**

18        The FHA reflects a policy of "provid[ing], within constitutional limitations, for fair
19  housing throughout the United States." 42 U.S.C. § 3601.  It is therefore unlawful to "refuse to
20  sell or rent…or refuse to negotiate for the sale or rental of, or otherwise make unavailable or
21  deny, a dwelling to any person because of race, color, religion, sex, familial status, or national
22  origin." 42 U.S.C. § 3601(a).  It is also unlawful to "discriminate against any person in the
23  terms" of such sale or rental and related services, or to represent to them that a dwelling is not
24  available for sale or rental when it is, "because of race, color, religion, sex, familial status, or
25  national origin." 42 U.S.C. §§ 3601(b), (d).

26        Analysis of a claim under the FHA mirrors analysis of a Title VII discrimination
27  claim. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).  Pleading a prima facie case of
28  disparate treatment thereunder requires alleging that "(1) plaintiff's rights are protected under the

6

1  FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a
2  distinct and palpable injury." *Id.* This establishes a presumption of discrimination, after which
3  the defendant must "articulate some legitimate, nondiscriminatory reason for the action." *Id.*
4  (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)).

5  Defendant cites *Texas Department of Community Affairs v. Burdine* and *Jauregui v. City
6  of Glendale* to argue that Plaintiff needed to demonstrate that discriminatory intent motivated the
7  Defendant. ECF No. 15-1 at 9 (citing 450 U.S. 248, 256 (1981); 852 F.2d 1128, 1134 (9th Cir.
8  2012)). Both cases show the opposite. In *Texas Department of Community Affairs*, the Court
9  only reached this step after plaintiff "create[d] a presumption that the employer unlawfully
10  discriminated against the employee" through a prima facie case, and the defendant "present[ed] a
11  legitimate reason for the action" in response. 450 U.S. 254-55. In *Jauregui*, the Ninth Circuit
12  held that a plaintiff can use circumstantial evidence to show "'it is more likely than not' that the
13  employer's actions were based on unlawful considerations." 852 F.2d at 1134 (quoting *Nanty v.
14  Barrows Co.,* 660 F.2d 1327, 1331 (9th Cir.1981)). Only after the plaintiff proved a prima facie
15  case through such circumstantial evidence did the defendant need to argue a non-discriminatory
16  reason that plaintiff was not promoted. *Jauregui*, 852 F.2d at 1135. To survive a motion to
17  dismiss, Plaintiff need only plead sufficient facts to articulate a prima facie case under the FHA.

18  The FAC alleges that Defendant approved an apartment for "a non-African American
19  party" but not for Plaintiff, who presumably is African American. ECF No. 14 at 4-5. It then
20  alleges that by both blaming Plaintiff for the apartment fire and claiming there were no available
21  units, Defendant has engaged in discriminatory behavior. *Id.* at 5. The parties do not dispute that
22  race is among the characteristics the FHA seeks to protect against discrimination. *See* 42 U.S.C.
23  §§ 3601(a)-(b), (d). Blaming Plaintiff for the apartment fire, however, would not qualify as an act
24  of discrimination thereunder. *See* 42 U.S.C. § 3601.

25  Defendant argues that allegations of a failure to give Plaintiff a unit given to a non-
26  African American is insufficient to allege discrimination. ECF No. 15-1 at 10. The FAC does
27  not allege when the unit was given to a non-African American, whether Plaintiff needed one at
28  ////

7

the time, or that Plaintiff was similarly situated to the non-African American who received the unit. *Id*.

Plaintiff's only response is that as an African American, he is protected by the FHA. ECF No. 17 at 2. This does not address whether he in fact "suffered a distinct and palpable injury" due to discriminatory conduct. See *Harris*, 183 F.3d at 1051. However, denial of rental housing based on race is a form of discriminatory conduct the FHA prohibits, especially if a landlord lies about units being available in the process. *See* 42 U.S.C. §§ 3601(a), (d). The FAC does contain at least a coherent theory of discrimination under the FHA.

A complaint need not plead all the facts that Defendant requests. For example, Defendant asks whether Plaintiff was similarly situated to the non-African American who rented the unit in question. ECF No. 15-1 at 10. This fact speaks to whether Defendant had a "legitimate, nondiscriminatory reason" for denying Plaintiff's application for the same unit. See *Harris*, 183 F.3d at 1051 (citing *McDonnell,* 411 U.S. at 802). This only becomes relevant after Plaintiff establishes a prima facie case for discrimination, at which point Defendant will bear the burden of proof. See *Harris*, 183 F.3d at 1051. A FAC does not need to explicitly plead facts sufficient to find that Defendant did not have a nondiscriminatory reason for renting a unit to a non-African American.

The pleadings are insufficient, however, because they provide no other details about the discriminatory conduct. Plaintiff does not identify the unit he was purportedly denied, especially as calling the Defendant his "landlord" implies that Plaintiff later rented another unit from Defendant. *See* ECF No. 14 at 3. He does not specify when this denial occurred, to whom Defendant ultimately leased the desired unit, or any other details that would provide sufficient notice as to what conduct is at issue. The FAC's threadbare allegation of discrimination lacks the "further factual enhancement" needed to cross "the line between possibility and plausibility[.]" *See Twombly*, 550 U.S. at 557.

What little the FAC does provide, however, suggests that Plaintiff may be able to allege additional facts to support his claim and cure the FAC's defect. *See Lopez*, 203 F.3d at 1130. The Court recommends that the motion to dismiss the FAC's claim under the FHA be

GRANTED WITH LEAVE TO AMEND. Upon receiving leave to amend, Plaintiff should be advised that any claim under the FHA must be based on the alleged rental of a unit to a non-African American applicant instead of him. The amended claim must include sufficient details of such rental application to permit the court and Defendant to identify the disputed conduct.

### IV. Defamation

In California, defamation is "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Sanders v. Walsh*, 219 Cal. App. 4th 855, 862 (Cal. Ct. App. 2013). Defamation is in the form of either libel or slander. Cal. Civ. Code § 44.

Under California law, libel is:

> a false and unprivileged publication by writing,…or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure a person in their occupation.

Cal. Civ. Code § 45. Libel "on its face[,]" or per se, involves a falsehood in which the defamatory nature is apparent "without the necessity of explanatory matter[.]" Cal. Civ. Code § 45a. This may include a false allegation that a plaintiff is guilty of a crime. *Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles*, 117 Cal. App. 4th 1138, 1145, n.7 (Cal. Ct. App. 2004) (citing *Weinberg v. Feisel*, 110 Cal.App.4th 1122, 1135 (Cal. Ct. App. 2003)). If libel is not per se, it is not actionable unless the plaintiff proves he suffered special damages, as defined in section 48a of the California Civil Code, as a proximate result thereof. Cal. Civ. Code § 45a.

Slander, in contrast, is "a false and unprivileged oral communication, or uttering certain other derogatory statements regarding a person." *Bryant v. Lowe's Home Centers, LLC*, 628 F.Supp.3d 1036, 1042 (E.D. Cal. 2022) (quoting *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242 (Cal. 2003)). By statute, a slanderous statement is one that:

> 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
>
> 2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;

>3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
>
>4. Imputes to him impotence or a want of chastity; or
>
>5. Which, by natural consequence, causes actual damage.

Cal. Civil Code § 46.

There are different pleading requirements for libel and slander. Statements alleged to constitute libel "must be specifically identified, if not pleaded verbatim, in the complaint[.]" *Medical Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 893 (Cal. Ct. App. 2020) (cleaned up). Slander, however, involves a situation where "the defendant may have superior knowledge of the precise words that were actually stated[.]" *Medical Marijuana*, 46 Cal. App. 5th at 893. A plaintiff pleading slander may need to allege something that "'occurred when he was not present,'" as opposed to defamation, where the statement at issue "'may be seen.'" *Id.* (quoting *Albertini v. Schaefer* 97 Cal.App.3d 822, 832 (Cal. Ct. App. 1979)). Accordingly, a complaint may plead slander by "'alleging the substance of the defamatory statement[.]'" *Medical Marijuana*, 46 Cal. App. 5th at 893 (quoting *Okun v. Superior Court*, 29 Cal. 3d 442, 458 (Cal. 1981)) (emphasis removed). A plaintiff's retelling of the statement still "'must be sufficiently close to the actual words proved to acquaint a defendant with what he must defend against.'" *Medical Marijuana*, 46 Cal. App. 5th at 894 (quoting *Albertini v. Schaefer* 97 Cal.App.3d 822, 832 (Cal. Ct. App. 1979) (emphasis removed).

Both forms of defamation require some form of publication. *Haley v. Casa Del Rey Homeowners Assn.*, 153 Cal. App. 4th 863, 877 (Cal. Ct. App. 2007) (quoting *Shively v. Bozanich*, 31 Cal.4th 1230, 1242 (Cal. Ct. App. 2003)). For such purposes, this includes any communication to a "third person" who understands the statement's "'defamatory meaning as applied to the plaintiff[.]'" *Haley*, 153 Cal. App. 4th at 877 (quoting *Shively*, 31 Cal.4th at 1242). Although the common meaning of the term 'publication' requires "'written dissemination,'" this

////

1   is not the case for defamation purposes. *Haley*, 153 Cal. App. 4th at 877 (quoting *Shively*, 31
2   Cal.4th at 1242).

3         The FAC alleges that Defendant defamed Plaintiff by publishing that he owed Defendant
4   $1,180.96 and that he caused the apartment fire by leaving the stove on. ECF No. 14 at 6. It
5   argues that an allegation that Plaintiff's negligence in leaving the stove on caused the fire is
6   slanderous if false. *Id.*

7         Defendant argues that Plaintiff fails to identify where Defendant published or orally stated
8   that he owed $1,180.86, in such a way that a listener would understand the statement is about
9   Plaintiff. ECF No. 15-1 at 10-11. In any case, Defendant argues, such a statement would not
10  tend to injure Plaintiff without some explanation for what the fee was or why it was levied. *Id.* at
11  11. Defendant similarly argues that Plaintiff has not provided any facts as to where Defendant
12  published a statement that Plaintiff caused the fire, or what those statements were. *Id.*

13        Plaintiff's opposition does not address the issue of publication directly. See ECF No. 17
14  at 4-5. Plaintiff instead attaches two documents presumably meant to represent the publication of
15  the allegedly defamatory statements. *Id.* at 8-15, 17. As to the amount owed, Plaintiff attaches a
16  "Request for Security Deposit Refund and Forfeiture" from Defendant, showing that Plaintiff
17  owed Defendant $1,180.80. *Id.* at 17. Plaintiff does not even allege that this form was sent to
18  anyone other than himself, nor would that be expected for such a document. See ECF Nos. 14,
19  17. Plaintiff has failed to sufficiently identify a published statement to a third-person asserting
20  that he owed Defendant money.

21        As to the cause of the fire, Plaintiff attaches the Stockton Fire Department's report on the
22  apartment fire. ECF No. 17 at 8-15. None of the relevant statements therein reflect the
23  Defendant's assertions, to either the fire department or anyone else. The report asserts that two of
24  the firefighters on the scene, Kevin Chase and Nicolas Defazio, "located the fire in the kitchen,
25  specifically involving the stove and the cabinets about the stove." *Id.* at 9, 13, 15. Defazio was
26  the one who told Plaintiff that the fire appeared to start from the stove, despite Plaintiff's protests.
27  *Id.* at 13. At no point was Defendant involved in the conversations reflected in the report.
28  ////

11

Plaintiff has failed to plead that Defendant has orally or verbally published allegations that he either owed Defendant money or started the apartment fire. He has therefore failed to plead sufficient facts to sustain his causes of action for either slander or libel. Nor has Plaintiff made any argument suggesting that he can plead such facts. The court recommends that the cause of action for defamation is DISMISSED WITHOUT LEAVE TO AMEND.

**V.      Harassment, Menacing Behavior, and Fraud**

The FAC alleges that "individuals who have suffered from harassment, menacing behavior, and fraudulent claims often seek justice through legal channels." ECF No. 14 at 7. Defendant argues that this attempts to turn harassment, menacing behavior, and fraud into a standalone cause of action when there is no authority to do so. ECF No. 15-1 at 11 (citing *Sykes v. Henderson Police Department,* 2022 WL 4227337 at n.3 (D. Nev. Sep. 12, 2022)). Plaintiff asserts in response that there is "growing recognition that emotional distress should be taken seriously within the realm of law." ECF No. 17 at 5.

Plaintiff's response does not attempt to tie this argument to any particular cause of action. This does not mean that doing so would be impossible. The court in *Sykes* held that there was no common law claim for harassment or federal statute entitling a plaintiff for relief. 2022 WL 4227337 at n.3. It also noted, however, that a plaintiff could work this into a cause of action for Intentional (IIED) or Negligent Infliction of Emotions Distress (NIED). *Id.*

Although NIED is actionable, it is a tort of negligence to which all other elements of negligence still apply. *Christensen v. Superior Court*, 54 Cal. 3d 868, 884 (Cal. 1991). The plaintiff must therefore demonstrate that defendant owes a duty to the plaintiff that defendant then breached. *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1608 (Cal. Ct. App. 2012). As discussed above, plaintiff has alleged a cause of action for negligence, and leave to amend it should be granted. See *supra*. Plaintiff cannot list NIED as a separate cause of action.

To prevail on a claim for IIED, the plaintiff must show:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation

12

of the emotional distress by the defendant's outrageous conduct.

*Barker v. Fox & Associates*, 240 Cal. App. 4th 333, 355 (Cal. Ct. App. 2015) (quoting *Hughes v. Pair*, 46 Cal.4th 1035, 1050–1051 (Cal. 2009)). Behavior may be "outrageous" if the defendant:

> (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress.

*Clark v. County of Tulare*, 755 F.Supp.2d 1075, 1091 (E.D. Cal. 2010) (quoting *Molko v. Holy Spirit Assn.,* 46 Cal.3d 1092, 252 Cal.Rptr. 122, 762 P.2d 46 (1988)).

Parts of the FAC suggest the facts needed to plead the elements of IIED. As to damages, for example, it alleges that Defendant's assertion that Plaintiff started the fire has resulted in "emotional distress" and caused Plaintiff's insurance company's "forfeiture" of his claim for damages from the fire. ECF No. 14 at 7. However, Plaintiff has not pleaded facts showing that Defendant's conduct was extreme and outrageous. As in *Sykes*, the Court therefore recommends that the motion to dismiss the claim for harassment be GRANTED, but with leave to amend the FAC to allege IIED.

## CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's motion to dismiss the FAC (ECF No. 15) be GRANTED with leave to amend the causes of action for negligence and violation of the FHA, with leave to amend to add a cause of action for IIED in place of the cause of action for harassment and fraud, and without leave to amend the cause of action for defamation.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

////

////

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE