|    |    |    |
|----|----|----|
| 1  |    |    |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY ALEXANDER JAMES, | No. 2:23-cv-01174-DAD-SCR (PS) |
|---|---|
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND CERTAIN DESIGNATED CLAIMS |
| v. | |
| METZGER MANAGEMENT COMPANY, | |
| Defendant. | (Doc. Nos. 15, 22) |

Plaintiff, proceeding *pro se,* filed the above-entitled action. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On March 6, 2025, the assigned magistrate judge issued findings and recommendation recommending that defendant's motion to dismiss plaintiff's first amended complaint (Doc. No. 15) be granted and that plaintiff be granted further leave to amend as to his causes of action for negligence and violation of the Fair Housing Act (FHA) and that he also be granted leave to amend to add a cause of action for intentional infliction of emotional distress in place of his cause of action for harassment and fraud, but that his cause of action for defamation be dismissed with prejudice and without further leave to amend. (Doc. No. 22.) Specifically, the magistrate judge concluded that in his operative complaint plaintiff had:  1) failed to provide facts connecting any alleged breach by defendant of its duty as a landlord to any damages plaintiff allegedly suffered; 2) failed to provide even the minimal details required to state a discrimination claim; 3) failed to

plead any facts that could be found sufficient to state a cognizable defamation claim and there was no reason to believe that he could cure that pleading deficiency through further amendment; and 4) failed to allege facts supporting a claim for harassment, but had alleged some facts suggesting that he could possibly plead additional facts stating a related cognizable claim for intentional infliction of emotional distress.  (*Id.* at 4–13.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 13.)  To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations filed March 6, 2025 (Doc. No. 22), are ADOPTED in full;
2. Defendant's motion to dismiss plaintiff's first amended complaint (Doc. No. 15), is GRANTED with plaintiff being granted leave to amend his causes of action for negligence and violation of the FHA and with leave to amend to add a cause of action for intentional infliction of emotional distress in place of his cause of action for harassment and fraud, and with prejudice and without further leave to amend as to plaintiff's cause of action for defamation;
3. Plaintiff shall file any second amended complaint, or a notice of voluntary dismissal of this action, within twenty-one days of the service of this order; and

/////
/////
/////
/////
/////

4. This case is referred back to the assigned magistrate judge for further pretrial proceedings.

IT IS SO ORDERED.

Dated: __**March 28, 2025**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3